STATE OF WEST VIRGINIA

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DONNA SHAY,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0739** (BOR Appeal No. 2049133)
                (Claim No. 2013022900)

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna Shay, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Weirton Medical Center, Inc., by Peter R. Rich, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 13, 2014, in which the Board reversed a December 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 31, 2013, decision which denied a referral to Kumar Patel, M.D., for environmental allergy testing. The Office of Judges granted authorization for environmental allergy testing. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Shay worked for Weirton Medical Center, Inc. On February 6, 2013, Ms. Shay suffered from an environmental allergic reaction to construction dust at her work. Ms. Shay was initially treated at the Emergency Room in the Weirton Medical Center, Inc. A physician from the emergency room treated her with Albuterol breathing treatment and steroids. The claim was

held compensable for respiratory and chest symptoms and inhaling and ingesting objects.[1] Ms. Shay requested environmental allergy testing as recommended by Steven H. Mascio, D.O. Dr. Mascio initially treated Ms. Shay on February 11, 2013, and noted that she presented with symptoms of hoarseness, her face turning red, and chest tightness after being exposed to construction at work. He diagnosed her with urticaria located in the area of face and neck, and hoarseness and concluded that both were triggered by construction dust. Prasadarao B. Mukkamala, M.D., performed a record review on April 16, 2013, and recommended denying the requested allergy testing based on Ms. Shay's symptoms subsiding when the construction work in her department was finished. The claims administrator denied a request for environmental allergy testing based on Dr. Mukkamala's record review.

The Office of Judges reversed the claims administrator's decision and found the requested allergy testing is medically related and reasonably required medical treatment in this claim. The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision, also in reliance on Dr. Mukkamala's review. The Board of Review found Ms. Shay's condition had resolved since construction ended and that she is back to working full-time. Therefore, the Board of Review concluded that environmental allergy testing is not medically necessary or reasonably required in the course of treatment for the compensable injury. On appeal, Ms. Shay disagrees and asserts that the testing is needed to understand what she was breathing in and what she can expect from it. She further asserts that she continued to experience symptoms on and off. Weirton Medical Center, Inc., maintains that the Board of Review correctly denied the testing because the Office of Judges authorized it after the compensable condition had completely disappeared.

This Court finds that the Order of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. The Office of Judges found that the evidence demonstrated Ms. Shay has had episodes of urticaria and hoarseness when subjected to construction at work. Dr. Mascio saw Ms. Shay on February 11, 2013, and diagnosed her with urticaria located on her face/neck and hoarseness. He found both of these were triggered by construction dust. Dr. Mascio opined that Ms. Shay should not work in areas under construction. The Office of Judges noted that Ms. Shay's symptoms seem to clear up when there is no construction at her work. It further noted that there have been many construction projects at her work, which could certainly recur at any time. The Office of Judges determined that no specific trigger mechanism has been identified because Ms. Shay was not authorized to have the environmental allergy testing performed. Therefore, the Office of Judges found it would be helpful if a trigger mechanism could be identified so that a particular agent could be restricted from her department or at least notice could be given to her so she could avoid the agent in order to not have another reaction. The Office of Judges concluded that the preponderance of the evidence demonstrated that Ms. Shay continues to suffer on and off again symptoms related to some type of exposure at work when construction is at her workplace.

Futhermore, Dr. Mukkamala only performed a record review whereas Dr. Mascio treated Ms. Shay for a series of months. Dr. Mukkamala stated that a rash was not present around the time of the injury. However, when Dr. Mascio first treated Ms. Shay on February 11, 2013, a few

---

[1] The claims administrator held the claim compensable for diagnoses that are somewhat difficult to decipher because no diagnosis codes were listed and the diagnoses are abbreviated.

days after the injury, he did note that a rash was present. Dr. Mascio agreed with Dr. Mukkamala that Ms. Shay's symptoms subside when construction is not present at her workplace but like the Office of Judges found construction could occur at any time in the future. It would be beneficial to Ms. Shay and Weirton Medical Center, Inc., to know what Ms. Shay needs to avoid while working when construction is occurring. Also, Dr. Mascio diagnosed Ms. Shay with urticaria located on face/neck and hoarseness and concluded that both of these were triggered by construction dust. Furthermore, Ms. Shay has been found by the claims administrator to have been exposed to occupational dust, and the claim was held compensable for this injury.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to reinstate the Office of Judges' December 18, 2013, Order.

Reversed and Remanded.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin